United States District Court
For the Northern District of California

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAUREL BRESAZ, an individual and Successor in Interest to BRANDON MARSHALL, deceased; DONNA HAYES, an individual; and DR. STEVEN MARSHALL, an individual,<br><br>                    Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CLARA; DEPUTY ALDO GROBA, in his individual capacity; DEPUTY KRISTIN ANDERSON, in her individual capacity; and DOES 1–50,<br><br>                    Defendants. | Case No. 14-cv-03868-LHK-HRL<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>[Re:  Dkt. 17] |

        In this civil rights suit, Plaintiffs Laurel Bresaz, Donna Hayes, and Dr. Steven Marshall

(collectively, Plaintiffs) seek an order compelling Defendants County of Santa Clara, Deputy Aldo

Groba, and Deputy Kristin Anderson (collectively, Defendants) to: (1) return to Plaintiffs several

personal electronic devices seized by the Santa Clara County Sheriff; and (2) produce Santa Clara

County Sheriff's Incident Report #13-344-0148S as expedited discovery. *See* Dkt. No. 17, at 3–7.

Defendants respond that: (1) Plaintiffs have no authority to support their demand for the return of

the decedent's electronic devices before the pending criminal investigation is complete; and (2)

United States District Court
For the Northern District of California

1    Plaintiffs have not established good cause for expedited discovery. *Id.* at 8–11. Defendants ask the

2    court for a short stay of discovery for the period of time necessary for the Sheriff's Office to

3    complete its investigation and the District Attorney's Office to decide whether to file charges

4    against the Sheriff deputies. *Id.* at 9–10. The parties met and conferred on November 6, 2014 to

5    attempt to resolve their discovery dispute, the failure of which resulted in this Discovery Dispute

6    Joint Report (DDJR) No. 1.

7          Plaintiffs filed this suit on August 26, 2014, asserting several federal and state civil rights

8    violations and a number of torts arising out of the shooting death of Brandon Marshall by Defendant

9    Aldo Groba, a deputy of the Santa Clara County Sheriff's Office, on December 10, 2013. *See* Dkt.

10   No. 1. Three days after the shooting, Plaintiffs' counsel requested that the Sheriff's Office: (1)

11   return Brandon Marshall's personal electronic devices and other personal property seized at the

12   scene of the shooting; and (2) produce the Sheriff Office's incident report concerning the shooting.

13   Dkt No. 17, at 1. Defendants respond that Plaintiffs provide no authority to support their demand

14   that Brandon Marshall's electronic devices should be returned before the pending criminal

15   investigation is complete, and that Plaintiffs have failed to make the necessary showing of good

16   cause for expedited discovery. *Id.* at 8–11. The matter is deemed suitable for determination without

17   oral argument. Civ. L.R. 7-1(b). Upon consideration of the parties' respective arguments, the court

18   finds as follows.

19         First, Plaintiffs seek the return of electronic devices seized and held by the Santa Clara

20   County Sheriff's Office. Defendants state that the property will be returned upon the completion of

21   the criminal investigation, but Plaintiffs move pursuant to Fed. R. Civ. P. 41(g) for the immediate

22   return of the devices. However, "Rule 41(g) can be used to force the federal government to return

23   items seized by state officials [only] when the United States actually possesses the property or

24   constructively possesses the property by: (1) using the property as evidence in the federal

25   prosecution; or (2) where the federal government directed state officials to seize the property in the

26   first place." *United States v. Copeman*, 458 F.3d 1070, 1072 (10th Cir. 2006). (citation and internal

27   quotation marks omitted). "[P]roperty seized and held by state law-enforcement officers is not in the

28   constructive possession of the United States for Rule 41(g) purposes unless it is being held for

United States District Court
For the Northern District of California

1   potential use as evidence in a federal prosecution." *Id*. Here, there appears to be no suggestion of

2   federal involvement in this case. Accordingly, the Plaintiffs' request for return of the personal

3   electronic devices prior to the completion of the pending criminal investigation is denied.

4   Second, Plaintiffs request the court order expedited discovery of the Santa Clara County

5   Sheriff's incident report relating to this case. Dkt. No. 17, at 5. Under Federal Rule of Civil

6   Procedure 26(d), parties "may not seek discovery from any source before the parties have conferred

7   as required by Rule 26(f)," unless a court orders otherwise. Fed. R. Civ. P. 26(d). In the Northern

8   District, courts "apply a good cause standard in determining whether expedited discovery [under

9   Rule 26(d)] is warranted." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 274 (N.D.

10   Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of

11   the administration of justice, outweighs the prejudice to the responding party." *Id*. at 276. Courts

12   "commonly consider factors including: (1) whether a preliminary injunction is pending; (2) the

13   breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the

14   burden on the defendants to comply with the requests; and (5) how far in advance of the typical

15   discovery process the request was made." *Apple Inc. v. Samsung Electronics Co., Ltd.*, 768

16   F.Supp.2d 1040, 1044 (N.D. Cal. 2011) (internal quotation marks and citation omitted). The party

17   seeking expedited discovery bears the burden of showing good cause. *Am. LegalNet, Inc. v. Davis*,

18   673 F.Supp.2d 1063, 1067 (C.D. Cal. 2009).

19   Plaintiffs offer three arguments to support their showing of good cause for expedited

20   discovery: (1) the requested incident report is relevant and would expedite possible amendment of

21   the complaint; (2) Defendants would not suffer any prejudice as their reasons for delaying

22   production are baseless; and (3) it would be prejudicial to Plaintiffs for Defendants to further delay

23   production of the report. Dkt. No. 17, at 5–7. Defendants contend that the report is incomplete and

24   the criminal investigation is ongoing, in part because they await information from a third party

25   (Apple) regarding the contents of the electronic devices seized by the Santa Clara County Sheriff's

26   Office. *Id*. at 8–10. Defendants do not dispute the relevance of the report, but note that relevance is

27   not the standard for a finding of good cause. Defendants argue that Plaintiffs have offered no

28

United States District Court
For the Northern District of California

1    explanation for the need for expedited discovery or how that need would outweigh the prejudice to

2    Defendants from having to produce an incomplete draft report.

3            The court must make its good cause determination in light of "the entirety of the record . . .

4    and the reasonableness of the request in light of all the surrounding circumstances." *Semitool, Inc.*,

5    208 F.R.D. at 275 (citation & quotation marks omitted). Here, only the fact that the discovery

6    request is not overly broad supports a finding of good cause. Weighing against such a finding are

7    the facts that: (1) no preliminary injunction is pending; (2) the asserted purpose for expediting

8    discovery—to "expedite possible amendment of the complaint"—is not overly compelling; and (3)

9    the Defendants assert that producing an incomplete draft report would be burdensome, an assertion

10   which Plaintiffs do little to rebut. As the initial case management conference in this case is set for

11   February 4, 2015, the deadline for holding a Rule 26(f) conference is in mid-January. *See* Dkt. No.

12   12. Plaintiffs request for early production of the incident report therefore came approximately two

13   months before the start of discovery. This is sufficiently far in advance of the normal discovery

14   schedule to weigh against granting expedited discovery of the report. In sum, the court finds that

15   Plaintiffs have failed to establish good cause for ordering expedited discovery of the incident report

16   in this case, and Plaintiffs' request is denied.

17           Lastly, Defendants request a stay of discovery in this case while the Sheriff's Office

18   completes its investigation and the District Attorney's Office decides whether to file charges against

19   the deputies. Dkt. No. 17, at 9–10. As Defendants note, a court may stay of discovery in a civil

20   proceeding pending the outcome of criminal proceedings, but is not required to do so. *Keating v.*

21   *Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). "In the absence of substantial

22   prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings

23   are unobjectionable under our jurisprudence. *Id.* (citation and alterations omitted). Although

24   Defendants assert that "Defendants' Fifth Amendment rights are implicated in that there has been no

25   decision by the District Attorney's Office about whether to file charges against the deputies," Dkt.

26   No. 17, at 10, "a stay is not warranted where a defendant's Fifth Amendment rights can be protected

27   through less drastic means, such as asserting the privilege on a question-by-question basis." *ESG*

28   *Capital Partners*, 22 F.Supp.3d at 1045–1046 (citation and internal quotation marks omitted).

1   Defendants provide no argument as to why less drastic means would be insufficient in this case. In

2   any event, no criminal proceedings have been instituted against any of the Defendants, and the court

3   finds Defendants' request premature. *See, e.g., ESG Capital Partners LP v. Stratos*, 22 F.Supp.3d

4   1042, 1045 (C.D. Cal. 2014) ("Courts have recognized that there is a strong case in favor of a stay

5   after a grand jury returns a criminal indictment and where there is a large degree of overlap between

6   the facts involved in both cases."). Accordingly, Defendants' request for a stay of discovery is

7   denied.

8

9   Dated: January 16, 2015

10                                                    _____
                                                      HOWARD R. LLOYD
11                                                    United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

1

5:14-cv-03868-LHK Notice has been electronically mailed to:

2

Christine Peek     cpeek@mcmanislaw.com, cmcclelen@mcmanislaw.com,
eschneider@mcmanislaw.com, sshakoori@mcmanislaw.com, svannorman@mcmanislaw.com

3

4

James McManis     jmcmanis@mcmanislaw.com, clarsen@mcmanislaw.com,
eschneider@mcmanislaw.com

5

Jennifer Murakami     jmurakami@mcmanislaw.com

6

Melissa R. Kiniyalocts     melissa.kiniyalocts@cco.co.scl.ca.us, marylou.gonzales@cco.sccgov.org

7

Stephen H. Schmid     stephen.schmid@cco.co.santa-clara.ca.us, marylou.gonzales@cco.sccgov.org

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER RE DISCOVERY DISPUTE
Case No. 14-CV-03868-LHK-HRL
EDB

- 6 -