United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

LAUREL BRESAZ, et al.,

          Plaintiffs,

    v.

COUNTY OF SANTA CLARA, et al.,

          Defendants.

Case No. 14-CV-03868-LHK

**ORDER GRANTING MOTION TO SEAL**

Re: Dkt. No. 46

Before the Court is an administrative motion to seal three search warrant affidavits in support of search warrants obtained from the Superior Court of California for the County of Santa Clara. ECF No. 46 ("Motion"). The Santa Clara County Superior Court issued the warrants under seal and has not unsealed them. *Id.* at 2.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to dispositive motions bear the burden of

1

United States District Court
Northern District of California

1  overcoming the presumption with "compelling reasons supported by specific factual findings" that

2  outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447

3  F.3d at 1178-79. Compelling reasons justifying the sealing of court records generally exist "when

4  such 'court files might have become a vehicle for improper purposes,' such as the use of records to

5  gratify private spite, promote public scandal, circulate libelous statements, or release trade

6  secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598).

7       Records attached to nondispositive motions are not subject to the strong presumption of

8  access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive

9  motions "are often unrelated, or only tangentially related, to the underlying cause of action,"

10  parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal

11  Rules of Civil Procedure. *Id.* at 1179-80 (internal quotation marks omitted). The "good cause"

12  standard requires a "particularized showing" that "specific prejudice or harm will result" if the

13  information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

14  1210-11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad

15  allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not

16  suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Here, the instant

17  motion to seal is related to a motion for leave to file an amended complaint. Mot. at 1. Motions for

18  leave to file an amended complaint are treated as nondispositive. *Dunbar v. Google, Inc.*, No.

19  5:12-CV-003305-LHK, 2012 WL 6202719, at *2 (N.D. Cal. Dec. 12, 2012). Therefore, in ruling

20  on the instant Motion, the Court applies the lower "good cause" standard.

21       In addition, parties moving to seal documents must comply with the procedures established

22  by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request

23  that establishes the document is "sealable," or "privileged or protectable as a trade secret or

24  otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly

25  tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.*

26  Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that

27  is narrowly tailored to seal only the sealable material" and that "lists in table format each

28  

Case No. 14-CV-03868-LHK
ORDER GRANTING MOTION TO SEAL

1   document or portion thereof that is sought to be sealed," as well as an "unredacted version of the

2   document" that "indicate[s], by highlighting or other clear method, the portions of the document

3   that have been omitted from the redacted version." *Id.*

4          With these standards in mind, the Court rules on the instant Motion as follows:

| Motion to Seal | Document to be Sealed | Ruling |
|---|---|---|
| 46 | Search warrant affidavits in support of search warrants obtained from the Superior Court for the County of Santa Clara. | GRANTED. |

**IT IS SO ORDERED.**

Dated: August 11, 2015

_____
LUCY H. KOH
United States District Judge

*United States District Court*
*Northern District of California*

Case No. 14-CV-03868-LHK
ORDER GRANTING MOTION TO SEAL