UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAUREL BRESAZ, an individual and Successor in Interest to BRANDON MARSHALL, deceased; DONNA HAYES, an individual; and DR. STEVEN MARSHALL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CLARA; DEPUTY ALDO GROBA, in his individual capacity; DEPUTY KRISTIN ANDERSON, in her individual capacity; DETECTIVE SERGEANT JULIAN QUINONEZ, in his individual capacity; DETECTIVE SERGEANT MARK CARRASCO, in his individual capacity; DETECTIVE SERGEANT PAULA McALLISTER, in her individual capacity, and DOES 4-50,<br><br>Defendants. | Case No.  5:14-cv-03868-LHK  (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 2**<br><br>Re: Dkt. Nos. 54, 59 |

This is a civil rights action concerning the December 10, 2013 deputy-involved shooting death of Brandon Marshall. Plaintiff Laurel Bresaz is Marshall's widow and successor in interest. Plaintiffs Donna Hayes and Dr. Steven Marshall are his parents.

In Discovery Dispute Joint Report (DDJR) No. 2, defendants seek an order compelling the production of documents responsive to requests 14-17, which ask for communications between

Brandon Marshall and Bresaz in the days and months leading up to his death.[1]  Bresaz contends that the requested information is protected from disclosure by the marital communications privilege.  Defendants do not dispute that the privilege applies, but they argue that Bresaz has waived it.  The matter is deemed suitable for determination without oral argument.  Civ. L.R. 7-1(b).  Upon consideration of the parties' respective arguments, the court denies defendants' request for an order compelling this discovery.

The marital communications privilege protects statements privately communicated between spouses.  United States v. Montgomery, 384 F.3d 1050, 1056 (9th Cir. 2004); United States v. Marashi, 913 F.2d 724, 729 (9th Cir. 1990).  This privilege (1) "extends only to words or acts intended as communication to the other spouse"; (2) "covers only those communications made during a valid marriage"; and (3) "applies only to those marital communications which are confidential."  Marashi, 913 F.2d at 729-30.  Therefore, "the privilege does not extend to statements which are made before, or likely to be overheard by, third parties."  Id. at 730.  "Marital communications are presumptively confidential; the government has the burden of demonstrating that they are not."  Id.; see also Montgomery, 384 F.3d at 1056.

Defendants argue that Bresaz waived the privilege by filing a claim for wrongful death.  Although they acknowledge that there is no federal authority squarely addressing this matter,

---

[1] The requests at issue are as follows:

> Request No. 14:    "Any and all DOCUMENTS pertaining to emails, texts, letters, notes and/or recordings of communication between Brandon Marshall and Laurel Bresaz that occurred on December 10, 2013."
>
> Request No. 15:    "Any and all DOCUMENTS pertaining to emails, texts, letters, notes and/or recordings of communication between Brandon Marshall and Laurel Bresaz that occurred on December 9, 2013."
>
> Request No. 16:    "Any and all DOCUMENTS pertaining to emails, texts, letters, notes and/or recordings of communication between Brandon Marshall and Laurel Bresaz that occurred on December 8, 2013."
>
> Request No. 17:    "Any and all DOCUMENTS pertaining to emails, texts, letters, notes and/or recordings of communication between Brandon Marshall and Laurel Bresaz that occurred during the time-frame beginning October 1, 2013 and ending on December 7, 2013."

(DDJR No. 2, Ex. A).

defendants maintain that Bresaz has essentially put the loss of her marital relationship at issue. As such, defendants argue that she should not be permitted to make selective disclosures of certain communications that might be helpful to the wrongful death claim, but to refuse to disclose other communications that might undermine it. Having reviewed plaintiffs' Second Amended Complaint, however, it is not apparent to this court that plaintiffs' wrongful death claim places at issue the substance or content of communications covered by the marital communications privilege. Nor have defendants convincingly demonstrated that proving damages for the wrongful death claim will necessarily require the "tender of facts of [Bresaz's] marital communications." (DDJR No. 2 at 3 n.2). Absent clear authority, this court rejects defendants' argument that pursuing a wrongful death claim waives the privilege.

Defendants next argue that Bresaz waived the privilege through statements she made to deputies and investigators. Specifically, this court is told that on December 10 (after the shooting occurred), Bresaz called deputies to check on Marshall's status and revealed to them that she had cheated on him several years ago; that the couple had been fighting a lot; that they fought the night before the incident and Marshall had said "some really weird things"; and that Marshall had certain medical issues. Citing Engelmann v. Nat'l Broadcasting Co., Inc., No. 94#Civ.5616 (MBM) (AJP), 1995 WL 214500 (S.D.N.Y., Apr. 10, 1995), defendants claim that Bresaz voluntarily made these disclosures and that her statements therefore vitiate the confidentiality of her marital communications. Bresaz disputes that her statements to deputies were voluntary. But, in any event, this court is unpersuaded that Bresaz's December 10 statements were sufficiently broad to constitute a waiver of the privilege. In Engelmann, the plaintiff was found to have waived the privilege because she testified about the substance of her communications with her husband. See id. at *4. As presented in DDJR No. 2, it appears that Bresaz revealed nothing more than the fact that she communicated with Brandon Marshall about certain subjects. There is no indication that she revealed her actual communications with him. See Tatum v. Schwartz, No. CIV S-06-1440 RRB EFB, 2007 WL 1725479 at *3 (E.D. Cal., June 14, 2007) (stating that "the fact of communicating, as opposed to the substance of the communication, is not privileged."). This court therefore declines to find waiver by virtue of Bresaz's December 10 phone conversation

3

with deputies.

Defendants nevertheless contend that Bresaz waived the privilege by producing videotapes of conversations she had with Marshall during a particular medical event. This court will not discuss the specifics of that incident here because the parties agree that it concerns Marshall's confidential medical information and that the portion of the DDJR describing the details should be sealed.[2] For present purposes, suffice to say that the matter pertains to an incident that occurred in October 2013, approximately two months before the shooting. Defendants claim that plaintiffs' production of the videotapes broadly waives the privilege as to all communications that occurred during the October 2013 event, as well as those that took place on December 9, the day before the shooting. Plaintiffs protest that their production re the October 2013 conversations do not waive the privilege at all---and that, even if there were a limited waiver (which they dispute), the production does not effect a general waiver as to all communications.

Based on defendants' cursory description of the tapes, and without more information as to the surrounding circumstances, this court is unprepared to find that plaintiffs' production re the October 2013 incident waived the privilege. For example, given what this court has been told about the event, it is at least conceivable that the conversations between Bresaz and Marshall might have been made before, or within earshot of, third parties. If so, the marital communications privilege would not apply to those conversations at all (in which case, their disclosure would waive nothing). On this record, however, this court does not know what the exact circumstances were; and, defendants will not be precluded from pursuing another DDJR to address plaintiffs' production re the October 2013 incident. But, defendants are admonished to give very careful thought to whether they can make a proper showing re any waiver (they must present more than an invitation for this court to rule on generalities) and whether another DDJR on this issue would be an endeavor worth more of the parties' and this court's limited time. If defendants choose to bring another DDJR, then this court will waive its Standing Order limits re exhibits and permit the parties to submit whatever additional evidence they feel is necessary to

---

[2] The court will separately address plaintiffs' contested motion to seal other information presented in this and other DDJRs.

1  sufficiently brief the matter.

2      SO ORDERED.

3  Dated:   August 18, 2015

4
5                                                HOWARD R. LLOYD
                                              United States Magistrate Judge

5:14-cv-03868-LHK Notice has been electronically mailed to:

Christine Peek     cpeek@mcmanislaw.com, cmcclelen@mcmanislaw.com, eschneider@mcmanislaw.com, sshakoori@mcmanislaw.com, svannorman@mcmanislaw.com

James McManis     jmcmanis@mcmanislaw.com, clarsen@mcmanislaw.com, eschneider@mcmanislaw.com

Jennifer Murakami     jmurakami@mcmanislaw.com

Melissa R. Kiniyalocts     melissa.kiniyalocts@cco.co.scl.ca.us, marylou.gonzales@cco.sccgov.org

Stephen H. Schmid     stephen.schmid@cco.co.santa-clara.ca.us, marylou.gonzales@cco.sccgov.org