UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAUREL BRESAZ, an individual and Successor in Interest to BRANDON MARSHALL, deceased; DONNA HAYES, an individual; and DR. STEVEN MARSHALL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CLARA; DEPUTY ALDO GROBA, in his individual capacity; DEPUTY KRISTIN ANDERSON, in her individual capacity; DETECTIVE SERGEANT JULIAN QUINONEZ, in his individual capacity; DETECTIVE SERGEANT MARK CARRASCO, in his individual capacity; DETECTIVE SERGEANT PAULA McALLISTER, in her individual capacity, and DOES 4-50,<br><br>Defendants. | Case No. 5:14-cv-03868-LHK   (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 6**<br><br>Re: Dkt. No. 73 |

This is a civil rights action concerning the December 10, 2013 deputy-involved shooting death of Brandon Marshall. Plaintiffs are Marshall's widow and parents. They claim that on the day in question, Marshall was delusional and that deputies interfered with efforts to provide Marshall with emergency medical services, caused him to become more agitated and upset, and provoked a violent confrontation that eventually led to his shooting death. Plaintiffs assert federal claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA) (42 U.S.C. §

1  12101, et seq.), as well as state law claims including wrongful death, negligence, and negligent
2  infliction of emotional distress.  Additionally, the ninth claim for relief alleges that defendants
3  violated plaintiff Bresaz's Fourth Amendment rights by making materially misleading statements
4  and omissions in connection with their warrant applications in the investigation of the incident,
5  and that the warrants were overbroad and insufficiently particular.  Defendants maintain that when
6  they attempted to contact Marshall at the scene, he responded with assaultive behavior and
7  attacked a deputy with a kubaton.

8  In Discovery Dispute Joint Report (DDJR) No. 6, plaintiffs seek an order compelling
9  defendant County of Santa Clara (County) to produce a Fed. R. Civ. P. 30(b)(6) witness to testify
10  about Topics 1, 5(e)-(g), 6(b)-(c), 6(e), 7(b) and 8(a).  These topics concern the investigation of
11  the incident, as well as the County's policies and practices with respect to mentally ill individuals.
12  The County seeks a protective order precluding plaintiffs from obtaining any testimony about
13  these topics.  Additionally, the County asks for an order placing time limits on its deposition.  The
14  matter is deemed suitable for determination without oral argument.  Civ. L.R. 7-1(b).  Upon
15  consideration of the parties' respective arguments, this court grants plaintiffs' motion for an order
16  compelling responsive testimony, denies the County's request for a protective order precluding its
17  deposition entirely, and denies without prejudice the County's request for deposition time limits.

**Topic 1**

19  This topic seeks testimony about "[t]he investigation undertaken by the SCCSO [Santa
20  Clara County Sheriff's Office] REGARDING the INCIDENT, and resulting reports, including any
21  search warrants YOU obtained in the course of investigating the INCIDENT, and any searches
22  YOU conducted of Brandon Marshall's electronic devices."  (DDJR No. 6, Ex. A).

23  Defendants argue that the requested testimony is irrelevant because there are no Monell[1]
24  allegations targeting the County with respect to the investigation of the incident.  For pretrial
25  discovery purposes, however, the standard for relevance is very broad.  Parties may obtain
26  discovery about any non-privileged matter that is relevant to any party's claim or defense, and

---

[1] Monell v. Dep't of Social Servs., 436 U.S. 658 (1978).

2

"[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevant information "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Topic 1 is relevant or reasonably calculated to lead to discovery of admissible evidence re plaintiffs' Fourth Amendment claim for illegal search based on the warrants. The requested testimony is also relevant to plaintiffs' § 1983 claims, in that defendants' investigation and investigatory procedures may show whether or not the County ratified defendant Groba's use of deadly force and the stated need for it.

Nevertheless, the County argues that Topic 1 is overbroad because defendants' investigation was a comprehensive endeavor. It says that because defendants have already produced massive volumes of records concerning the investigation, plaintiffs do not need the County's testimony about it. This court disagrees. A Fed. R. Civ. P. 30(b)(6) deposition notice "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). That defendants' investigation was a big undertaking does not mean that Topic 1 is not sufficiently particular. Topic 1 is not as broad-ranging as those described in the County' cited case, Bowers v. Mortgage Electronic Registration Sys., Inc., No. 10-4141-JTM, 2011 WL 6013092 at *6 (D. Kan., Dec. 2, 2011). And nothing in the County's other cited case, Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633 (D. Minn. 2000), compels the conclusion that plaintiffs' Topic 1 is not particularly described. Moreover, in DDJR No. 6, plaintiffs indicate that they are interested in focusing on the results of the investigation and the investigative procedures that were followed. Despite the County's arguments to the contrary, this court does not find those matters so vague or overbroad that the County cannot reasonably prepare a witness or witnesses to testify about them. Although the County argues that the results of the investigation are evident from the documents themselves, that does not mean that plaintiffs are not entitled to the County's testimony about them. Plaintiffs' request for an order compelling the County to testify about Topic 1 is granted.

**Topics 5(f), 5(g) and 6(c)**

Plaintiffs disagree with defendants' characterization of the parties' meet-and-confer negotiations, and there appears to be confusion (or at least a disconnect) between plaintiffs' and defendants' view as to what topics are in dispute.

Topic 5(f) seeks testimony about the County's policies, practices, and procedures concerning "Deputy-involved shootings." Although plaintiffs' portion of DDJR No. 6 identifies this topic as a disputed one, the County says that in meet-and-confer discussions, it agreed to designate witness(es) to testify about this topic. Accordingly, the County is ordered to do so.

Topic 5(g) seeks testimony about the County's policies, practices, and procedures concerning "[d]iscipline of SCCSO deputies, agents, employees, or representatives." This topic seeks information that is relevant or reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The County having offered no argument why it should not produce a witness to testify about this topic, plaintiffs' motion to compel as to Topic 5(g) is granted.

Topic 6(c) seeks testimony about training received by or required of SCCSO deputies concerning the "[u]se of force against persons who are in need of medical assistance." The County says that it has produced a Field Training Manual containing a section entitled "Persons with Disabilities," which addresses both physical and mental disabilities. Although this topic apparently was in dispute, the County now says that it can and will produce a witness to testify about this training. (DDJR No. 6 at 11 n.9). Despite the County's agreement to produce a witness, plaintiffs insist on an order compelling the County to do so "for the avoidance of doubt." (Id. at 6 n.5). Accordingly, plaintiffs' motion to compel the County to produce a witness to testify about Topic 6(c) is granted.

**Topics 5(e), 6(b), 6(e), 7(b) and 8(a)**

These topics seek testimony about the County's policies, practices and procedures,[2]

---

[2] Topic 5(e) seeks testimony about the County's policies, practices, and procedures concerning "[i]nteractions with individuals with IMPAIRED CAPACITY or MENTAL HEALTH PROBLEMS, including interactions with individuals with disabilities under the ADA."

SCCSO training,[3] and statistical information concerning interactions with mentally ill individuals[4] and related disciplinary actions.[5] These topics are indisputably relevant to plaintiffs' § 1983 and ADA claims. The County, however, takes issue with the deposition notice's definitions of "impaired capacity" and "mental health problems," which refer to the Diagnostic and Statistical Manual of Mental Disorders (DSM-5). Complaining that plaintiffs should have instead used definitions with a law enforcement focus, the County says that it has no polices and provides no training pertaining to individuals who suffer from the various illnesses described in the DSM-5. Further, the County states that it does not keep statistics pertaining to the extent of interactions and associated disciplinary actions relating to deputy activity involving individuals who suffer from the various illnesses described in the DSM-5. It further represents that no County department, including the Sheriff's department, keeps statistics concerning interaction with mentally disabled individuals.

As discussed, the County has a Field Training Manual that addresses "Persons with Disabilities," and it agrees to produce a witness to testify about that training. The County says that it has also agreed to designate witnesses to testify about related topics, such as "[h]olds pursuant to Welfare and Institutions Code section 5150" (Topic 5(b)) and "CIT training and certification" (Topic 5(d)). Nevertheless, the County says that it does not know where to begin to prepare a witness to testify about the various ailments described in the DSM-5.

---

[3] Topics 6(b) and 6(e) seek testimony about training received by or required of SCCSO deputies concerning "[u]se of force against persons with IMPAIRED CAPACITY or MENTAL HEALTH PROBLEMS" and "[i]nteractions with individuals with IMPAIRED CAPACITY or MENTAL HEALTH PROBLEMS, including interactions with individuals with disabilities under the ADA and the respective roles of law enforcement and other emergency service providers in responding to calls to assist individuals with IMPAIRED CAPACITY or MENTAL HEALTH PROBLEMS."

[4] Topic 7(b) seeks testimony about the "SCCSO's handling of individuals with IMPAIRED CAPACITY or MENTAL HEALTH PROBLEMS," including "[t]he number and nature of interactions that SCCSO deputies have had with individuals with IMPAIRED CAPACITY or MENTAL HEALTH PROBLEMS from January 1, 2010 to the present, including any interactions that resulted in the injury or death of an individual with IMPAIRED CAPACITY or MENTAL HEALTH PROBLEMS."

[5] Topic 8(a) seeks testimony about "Discipline of SCCSO deputies for use of excessive force," including "[t]he number and nature of disciplinary actions taken against SCCSO deputies who have injured or killed individuals with IMPAIRED CAPACITY or MENTAL HEALTH PROBLEMS, from January 1, 2010 to the present."

The fact that the County might not have any policies, training, or associated statistics pertaining to interactions with individuals who suffer from the various illnesses described in the DSM-5 does not excuse the County from testifying. To the extent it has no such policies, training, or statistics, plaintiffs are entitled to the County's testimony confirming the same. The County shall produce witness(es) to testify about these topics.

**County's Request for Time Limits**

The County says that plaintiffs' Fed. R. Civ. P. 30(b)(6) deposition notice seeks testimony on 26 different topics (including subtopics). As of the filing of DDJR No. 6, the County produced five witnesses to testify about two topics (Topics 3 and 4). It says that the aggregate running time of those examinations (not including breaks) was about fifteen hours. Although the County recognizes that plaintiffs may require more than the presumptive seven-hour limit for a Fed. R. Civ. P. 30(b)(6) deposition, it argues that, in fairness, time limits should be set for each of the remaining topics. (No particular time limit is proposed.)

Plaintiffs maintain that they have noticed only ten deposition topics.[6] They contend that time limits are unnecessary because the County chose to designate five witnesses (as opposed to just one witness) to testify about Topics 3 and 4 in a "limited fashion" and only as to their personal knowledge.

A deposition is presumptively limited to one day of seven hours. Fed. R. Civ. P. 30(d)(1). Nevertheless, when an entity designates multiple witnesses to testify on its behalf pursuant to Fed. R. Civ. P. 30(b)(6), each designee may be examined for up to seven hours. See Fed. R. Civ. P. 30(d) advisory committee's note to 2000 amendment ("For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition."). However, that does not mean that a party has the right to depose an individual for seven hours as a Fed. R. Civ. P. 30(b)(6) designee and for another seven hours as an individual. Miller v. Waseca Med. Ctr., 205 F.R.D. 537, 540 (D. Minn. 2002). Nor does it mean that plaintiffs can take the full seven hours to depose an individual when there is no purpose for it.

---

[6] Insofar as many of plaintiffs' noticed deposition subtopics concern discrete issues, the number of noticed topics cannot fairly be characterized as just ten.

1   On this record, this court does not find good cause to impose a time limit on the remainder
2   of the County's deposition.  For example, there is no information as to what witness(es) have been
3   designated on which topics or whether any witnesses have already been deposed in an individual
4   capacity.  The County's request for a blanket order setting time limits therefore is denied.  This
5   ruling is, however, without prejudice to the County to renew its request if it should become
6   apparent that the presumptive time limits are being wasted or abused.
7   SO ORDERED.
8   Dated:   August 18, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge

United States District Court
Northern District of California

5:14-cv-03868-LHK Notice has been electronically mailed to:

Christine Peek     cpeek@mcmanislaw.com, cmcclelen@mcmanislaw.com, eschneider@mcmanislaw.com, sshakoori@mcmanislaw.com, svannorman@mcmanislaw.com

James McManis     jmcmanis@mcmanislaw.com, clarsen@mcmanislaw.com, eschneider@mcmanislaw.com

Jennifer Murakami     jmurakami@mcmanislaw.com

Melissa R. Kiniyalocts     melissa.kiniyalocts@cco.co.scl.ca.us, marylou.gonzales@cco.sccgov.org

Stephen H. Schmid     stephen.schmid@cco.co.santa-clara.ca.us, marylou.gonzales@cco.sccgov.org