UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAUREL BRESAZ, an individual and Successor in Interest to BRANDON MARSHALL, deceased; DONNA HAYES, an individual; and DR. STEVEN MARSHALL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CLARA; DEPUTY ALDO GROBA, in his individual capacity; DEPUTY KRISTIN ANDERSON, in her individual capacity; DETECTIVE SERGEANT JULIAN QUINONEZ, in his individual capacity; DETECTIVE SERGEANT MARK CARRASCO, in his individual capacity; DETECTIVE SERGEANT PAULA McALLISTER, in her individual capacity, and DOES 4-50,<br><br>Defendants. | Case No.   5:14-cv-03868-LHK (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 7**<br><br>Re: Dkt. No. 74 |

This is a civil rights action concerning the December 10, 2013 deputy-involved shooting death of Brandon Marshall. Plaintiffs are Marshall's widow and parents. They claim that on the day in question, Marshall was delusional and that deputies interfered with efforts to provide Marshall with emergency medical services, caused him to become more agitated and upset, and provoked a violent confrontation that eventually led to his shooting death. Plaintiffs assert federal claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA) (42 U.S.C. §

12101, et seq.), as well as state law claims including wrongful death, negligence, and negligent infliction of emotional distress. Defendants maintain that when they attempted to contact Marshall at the scene, he responded with assaultive behavior and attacked a deputy with a kubaton.

In Discovery Dispute Joint Report (DDJR) No. 7, plaintiff Laurel Bresaz seeks an order compelling defendant County of Santa Clara (County) to provide substantive responses to Requests for Admission (RFAs) 4, 5, 14, and 15. As to these RFAs, the County responded only with objections that the requests are "vague, overbroad, overly burdensome and oppressive." (DDJR No. 7, Ex. B). The matter is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b). Upon consideration of the parties' respective arguments, this court grants in part and denies in part Bresaz's request for an order compelling the County's RFA responses.

Preliminarily, the court observes that both sides have included lengthy footnotes, and the upshot of these arguments (apparently) is to inform this court that each side contests the other side's version of events. That comes as a surprise to no one, since parties to litigation often dispute the assertions of the other side. In these same footnotes, the parties also felt compelled to argue about a toxicology analysis that everyone agrees is irrelevant to the issues presented in DDJR No. 7. (Each side says it only made these arguments because the other side made assertions that they felt compelled to address.) In any future DDJR, the parties are directed to stop wasting this court's time (and theirs) with matters that have nothing to do with the issues to be resolved.

As to the matters at hand: A party answering RFAs must respond with an admission, a denial, or a detailed statement why the matter (or portions of it) cannot truthfully be admitted or denied. Fed. R. Civ. P. 36(a)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a party of a matter, the answer must specify the part admitted and qualify or deny the rest." Id. On a motion to determine the sufficiency of an answer or objection to an RFA, "[u]nless the court finds an objection justified, it must order that an answer be served." Fed. R. Civ. P. 36(a)(6). A responding party cannot object to an RFA on the ground that the request is ambiguous, unless the request is so ambiguous that the responding party, in good faith, cannot provide a response. See Marchand v.

2

1  Mercy Medical Ctr., 22 F.3d 933, 938 (9th Cir. 1994) (a responding party "should admit to the
2  fullest extent possible, and explain in detail why other portions of a request may not be admitted").

3  **RFA Nos. 4 and 5**

4  RFA No. 4 asks the County to "[a]dmit that before approaching Brandon Marshall, Deputy
5  Anderson knew Brandon Marshall was experiencing a mental health emergency." RFA No. 5
6  asks the County to make the same admission with respect to Deputy Groba.

7  The County argues that the term "mental health emergency" is vague and overbroad---and
8  therefore answering these RFAs is oppressive and burdensome---because the term "is a loaded
9  phrase that contains a controversial or unjustified assumption, which will subject the County to
10  prejudice upon admission or denial." (DDJR No. 7 at 8:14-15). In sum, the County contends that
11  "mental health emergency" can mean any number of things and that the parties will never agree on
12  precisely what it entails. (By way of example, the County claims that plaintiffs have left out or
13  mischaracterized key facts as to the events in question, including defendants' contention that
14  Marshall's behavior was due to the reckless ingestion of controlled substances.) Additionally, the
15  County says that "[t]he truth of the matter is that the deputies were aware of only Marshall's
16  abnormal behavior as reported to them and as perceived." (DDJR No. 7 at 8:16-17).

17  The County has not convincingly demonstrated that these requests are so unclear that the
18  County cannot provide an answer based upon its understanding. The County is not aided by its
19  reliance on Dubin v. E.F. Hutton Group, Inc., 125 F.R.D. 372 (S.D.N.Y. 1989). The cited portion
20  of the opinion concerns the responding party's obligation to conduct a reasonable inquiry in
21  responding to RFAs about matters within the sole personal knowledge of a third party. Id. at 374.
22  That has nothing to do with the issues raised by the County on this DDJR. And, as for the RFAs
23  that the Dubin court deemed too vague and ambiguous to justify a response, the substance of those
24  requests are not identified in any detail. Id. at 375-76.

25  Plaintiffs' request for an order compelling the County's substantive responses to these
26  RFAs is granted. The County shall serve its responses within 14 days from the date of this order.

27  **RFA Nos. 14 and 15**

28  RFA No. 14 asks the County to "[a]dmit that Deputy Anderson had the opportunity to

United States District Court
Northern District of California

retreat from Brandon Marshall at all times during the INCIDENT." RFA 15 asks the County to make the same admission with respect to Deputy Groba.

The primary issue here is plaintiffs' definition of the term "incident," which is defined in an earlier request to "mean and include the entire period of time on December 10, 2013 during which DEFENDANTS and the COUNTY were interacting with the decedent, Brandon Marshall or his family members." (DDJR No. 7, Ex. A at 1). The term "incident" is also defined as "the entire period of time on December 10, 2013 during which Brandon Marshall was interacting with his co-workers and others at Roku, Inc. ("ROKU"), after Brandon Marshall joined a ROKU meeting for which he was not an invited participant." (Id.).

The County argues that the definition of "incident" is overbroad in that it requires a response based on a period beginning before deputies responded to the 911 dispatch and continuing to the time when they responded to the scene, had the encounter with Marshall, and even beyond the time Marshall was taken from the scene by ambulance (the County says that investigators interacted with Marshall's family members hours after Marshall was transported by ambulance to the hospital). The County requests that these RFAs be limited to "the time of first approach to Marshall until the time Marshall was turned over to paramedics." (DDJR No. 7 at 10:4-5). Pointing to ¶ 38 of their Second Amended Complaint (SAC), plaintiffs argue that they are entitled to know the County's position as to allegations that "[t]he defendant deputies also failed to retreat from Brandon and request additional instructions or backup, even though retreat would have been feasible and proper."

These RFAs essentially focus on the December 10, 2013 confrontation between deputies and Marshall. Although plaintiffs assert that the inclusive definition of "incident" is of no import, this court agrees that the County need not respond based on the time period when Marshall joined a work meeting for which he was not a participant. That apparently occurred prior to the deputies' response to the 911 dispatch (and possibly before Marshall's co-workers called 911). (See SAC ¶ 20). Plaintiffs have also failed to articulate the relevance of the time period after Brandon Marshall was taken from the scene by ambulance. So, the County need not base its response on that particular time period either. Nevertheless, this court declines to limit the temporal scope, at

4

the front end, to the time of "first approach." Instead, the County's response shall be based on the time period beginning when the deputies arrived on the scene to the time when Marshall was taken from the scene by ambulance.

The County nevertheless argues that, as used in RFAs 14 and 15, the words "opportunity" and "retreat" can mean multiple things. It contends that these do not represent fact, but rather, Bresaz's argumentative opinion as to options available to the deputies. This court disagrees. Again, the County has not convincingly demonstrated that these RFAs are so vague or ambiguous that it cannot provide an answer based upon its understanding. And, as this court reads these RFAs, they do not assume that deputies had the option of retreating, but simply asks the County whether it admits or denies that the deputies had that option.

Bresaz's request for an order compelling the County's substantive response to RFA Nos. 14 and 15 is granted, subject to the temporal limitations discussed above. The County shall serve its responses within 14 days from the date of this order.

SO ORDERED.

Dated: August 18, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge

5

5:14-cv-03868-LHK Notice has been electronically mailed to:

Christine Peek     cpeek@mcmanislaw.com, cmcclelen@mcmanislaw.com, eschneider@mcmanislaw.com, sshakoori@mcmanislaw.com, svannorman@mcmanislaw.com

James McManis     jmcmanis@mcmanislaw.com, clarsen@mcmanislaw.com, eschneider@mcmanislaw.com

Jennifer Murakami     jmurakami@mcmanislaw.com

Melissa R. Kiniyalocts     melissa.kiniyalocts@cco.co.scl.ca.us, marylou.gonzales@cco.sccgov.org

Stephen H. Schmid     stephen.schmid@cco.co.santa-clara.ca.us, marylou.gonzales@cco.sccgov.org